UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN HEYKOOP doing business as
EAGLE TOWING,

    Plaintiff,

v

MICHIGAN STATE POLICE, DAVID
ROESLER, JEFFREY WHITE, and
CHRIS McINTIRE,

    Defendants.

NO. 1:18-cv-00632

HON. ROBERT J. JONKER

MAG. PHILLIP J. GREEN

---

Christopher Scott Patterson (P74350)
John Seamus Brennan (P55431)
Fahey Schultz Burzych Rhodes PLC
Attorney for Plaintiff
4151 Okemos Road
Okemos, MI  48864
(517) 381-0100

Patrick S. Myers (P81444)
Assistant Attorney General
Attorney for Defendant
Civil Litigation, Employment &
Elections Division
P.O. Box 30736
Lansing, MI  48909
(517) 373-6434

/

## JOINT STATUS REPORT

A Rule 16 Scheduling Conference is scheduled for August 3, 2018, before the Hon Robert Jonker. Appearing for the parties as counsel will be: John S. Brennan for the Plaintiff, and Patrick S. Myers for Defendants.

**Jurisdiction**:	The basis for the Court's jurisdiction over Counts in the Complaint, except Count V is 28 U.S.C. § 1331, as those Counts arise under the Constitution and laws of the United States.  The Court may exercise supplemental jurisdiction over Count V under 28 U.S.C. § 1367.

**Jury or Non-Jury:** This case is to be tried before a jury as trier of law and fact.

**Judicial Availability:** The parties do not agree to have a United State Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

**Statement of the Case:**

**Plaintiff**: This case involves the removal of Plaintiff's towing company from a "non-preference list" of towing companies in two posts within District 6 of the Michigan State Police. Plaintiff alleges that the removal violates his constitutional rights of equal protection (arbitrary enforcement of MSP Official Order 48); free speech (assisting in retaliation for Plaintiff's report of illegal conduct by a law enforcement officer); and due process (deprivation of a property right without notice and an opportunity to be heard). Plaintiff anticipates dismissing Count V of the Complaint as the matters alleged therein have become moot.

**Defendants**: Defendants have filed a motion to dismiss in lieu of an answer based on Eleventh Amendment immunity (as to the Michigan State Police) and qualified and governmental immunity (as to individual Defendants). Although Defendants have not answered the Complaint, they deny all of the factual allegations related to the motivation and process by which Plaintiff was removed from the no-preference towing list. Plaintiff was removed from the list in accordance with Michigan State Police standards and within the bounds of the Constitution.

Should this case survive Defendants' pending motion to dismiss (Plaintiff's brief is not yet due to be filed), the case may largely depend on the disposition of facts in dispute relating to how and why Plaintiff was removed from the list.

**Joinder of Parties and Amendment of Pleadings**: The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by **October 1, 2018.**

**Disclosures and Exchanges:**

*Plaintiff's Proposed Rule 26(a) Disclosures:*

(1) Plaintiff will disclose the information required by Fed. R. Civ. P. 26(a)(1)(A)(i) and all other Rule 26(a)(1) disclosures by August 17, 2018. Plaintiff will disclose the information required by Fed. R. Civ. P. 26(a)(1)(A)(ii), which will consist primarily of all documents consisting of communications relating to his reporting of a law enforcement officer and to the removal of Plaintiff's company from the no-preference towing list. Plaintiff will disclose the information required by Fed. R. Civ. P. 26(a)(1)(A)(iii), which will be based on business records and receipts before and after Plaintiff's removal from the no-preference towing list. Plaintiff will make this disclosure by August 17, 2018. Plaintiff has no information called for by Fed. R. Civ. P. 26(a)(1)(A)(iv).

(2) Plaintiff will disclose the information required by Fed. R. Civ. P. 26(a)(2) at least 90 days before the date set for trial.

(3) Plaintiff will disclose the information required by Fed. R. Civ. P. 26(a)(3) at least 30 days before the date set for trial.

***Defendants' Proposed Rule 26(a) Disclosures:***

(1) Defendants will disclose the information required by Fed. R. Civ. P. 26(a)(1) by August 17, 2018.

(2) Defendants will disclose the information required by Fed. R. Civ. P. 26(a)(2) at least 90 days before the date set for trial.

(3) Defendants will disclose the information required by Fed. R. Civ. P. 26(a)(3) at least 30 days before the date set for trial.

***Disclosure of Lay Witnesses:*** The parties propose that disclosure of lay witnesses in accordance with Rule 26(a)(3) be made by January 1, 2019.

***Voluntary Production:*** The parties are unable to agree on voluntary production at this time.

**Discovery**: The parties recommend that there be no discovery until the Court rules on Defendants' pending motion to dismiss. If Defendants' motion is denied, the parties believe discovery can be completed within six months of the Court's ruling. The parties agree that this Court's presumptive discovery limitations are sufficient to prepare this case for trial: limits for interrogatories; (Rule 33(a) (25 single part questions)) and depositions (Rule 30(a)(2)(A) (10 depositions per side); Rule 30(d)(1) (one day of seven hours per witness)).

The parties agree that the scope of discovery is primarily to discern and learn the facts regarding Plaintiff's claim of retaliation and the facts leading up to and

including the removal of Plaintiff's company from the no-preference towing list. This discovery will include discovery relating to MSP Official Order 48, its creation, and its implementation by Defendants.

**Motions:** The parties anticipate that all dispositive motions will be filed within 30 days following the close of discovery. The parties acknowledge that it is the policy of this Court to prohibit the consideration of non-dispositive discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

**Alternative Dispute Resolution:** The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution:

*Plaintiff*: While Plaintiff is open to facilitative mediation, Plaintiff does not recommend it, because Plaintiff's most significant request for relief is an injunction that is not really susceptible to a negotiated settlement. In addition, Plaintiff has made multiple overtures to Defendants to resolve this matter short of litigation, and Defendants have in each instance simply refused to communicate with Plaintiff.

*Defendants:* Defendants do not think that ADR is appropriate at this time. Defendants further recommend that if ADR is required that a United States Magistrate Judge be assigned to facilitate settlement.

5

**Length of Trial**:   Counsel estimate the trial will last approximately 4 days, total, allocated as follows:

2.5 days for Plaintiff's case,

1.5 days for Defendants' case.

**Prospects of Settlement**:   The status of settlement negotiations is: On July 5, 2018, Plaintiff proposed a settlement through counsel to the Michigan Assistant Attorney General.  The proposed settlement has been reviewed by Michigan State Police and has been rejected.

**Other**:   At this time there are no special characteristics that may warrant extended discovery, accelerated disposition by motion, or other factors relevant to the case.

                                                    Respectfully submitted,

/s/ John S. Brennan  
Attorney for Plaintiff

/s/ Patrick S. Myers  
Assistant Attorney General  
Attorney for Defendants.