UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN HEYKOOP doing business as
EAGLE TOWING,

    Plaintiff,

v

MICHIGAN STATE POLICE, DAVID
ROESLER, JEFFREY WHITE, and
CHRIS McINTIRE,

    Defendants.

NO. 1:18-cv-00632

HON. ROBERT J. JONKER

MAG. PHILLIP J. GREEN

---

| | |
|---|---|
| Christopher S. Patterson (P74350)<br>John S. Brennan (P55431)<br>Fahey Schultz Burzych Rhodes PLC<br>Attorneys for Plaintiff<br>4151 Okemos Road<br>Okemos, MI  48864<br>(517) 381-0100 | Patrick S. Myers (P81444)<br>Assistant Attorney General<br>Attorney for Defendants<br>Civil Litigation, Employment &<br>Elections Division<br>P.O. Box 30736<br>Lansing, MI  48909<br>(517) 373-6434 |

/

**DEFENDANTS' AMENDED ANSWER TO
PLAINTIFF'S COMPLAINT, AFFIRMATIVE
<u>DEFENSES AND RELIANCE ON JURY DEMAND</u>**

Defendants Jeffrey White and Chris McIntire, by counsel, answer Plaintiff's Complaint, by like-numbered paragraphs, as follows.

### <u>JURISDICTION AND VENUE</u>

    1.    Defendants admit this Court has subject matter jurisdiction.

    2.    Defendants admit this Court may exercise supplemental jurisdiction over the state law claim.

    3.    Defendants admit venue is proper.

## PARTIES AND COMMON FACTS

4. Defendants neither admit nor deny the allegations because they lack knowledge or information sufficient to form a belief as to their truth and leave Plaintiff to his proofs.

5. Defendants admit the allegations.

6. Defendants admit the allegations.

7. Defendants admit the allegations.

8. Defendants admit the allegations.

9. Defendants deny that the Hart and Rockford Posts maintain the No-Preference Lists, but otherwise admit the allegations. Defendants admit that the Hart and Rockford Posts use No-Preference Lists, which are maintained by Central Dispatch.

10. Defendants admit the allegations.

11. Defendants deny that Plaintiff provided services without incident, but otherwise admit the allegations.

12. Defendants neither admit nor deny the allegations because they lack knowledge or information sufficient to form a belief as to their truth and leave Plaintiff to his proofs.

13. Defendants neither admit nor deny the allegations because they lack knowledge or information sufficient to form a belief as to their truth and leave Plaintiff to his proofs.

14. Defendants neither admit nor deny the allegations because they lack knowledge or information sufficient to form a belief as to their truth and leave Plaintiff to his proofs.

15. Defendants admit that Sheriff Mast notified Defendant White of his intention to remove Plaintiff from the Oceana County No-Preference List due to numerous complaints about Plaintiff, but otherwise deny the allegations.

16. Defendants deny that Plaintiff was never provided an opportunity to respond to Defendants' concerns, but otherwise admit the allegations.

17. Defendants deny that Plaintiff was removed from the list without cause, but otherwise admit the allegations.

18. Defendants neither admit nor deny the allegations because they lack knowledge or information sufficient to form a belief as to their truth and leave Plaintiff to his proofs.

19. Defendants deny the allegations as untrue.

20. Defendants neither admit nor deny the allegations because they lack knowledge or information sufficient to form a belief as to their truth and leave Plaintiff to his proofs.

21. Defendants neither admit nor deny the allegations because they lack knowledge or information sufficient to form a belief as to their truth and leave Plaintiff to his proofs.

22. Defendants deny the allegations as untrue.

23. Defendants neither admit nor deny the allegations because they lack knowledge or information sufficient to form a belief as to their truth and leave Plaintiff to his proofs.

24. Defendants admit the allegations.

25. Defendants deny the allegations as untrue.

## COUNT I
## VIOLATION OF EQUAL PROTECTION (42 U.S.C § 1983)

26. Defendants incorporate all prior responses.

27. This is not a factual allegation and no response is necessary. If an answer is deemed necessary, Defendants admit the allegations.

28. This is not a factual allegation and no response is necessary. If an answer is deemed necessary, Defendants deny the allegations as untrue.

29. This is not a factual allegation and no response is necessary. If an answer is deemed necessary, Defendants deny the allegations as untrue.

30. Defendants deny that Plaintiff was subjected to discriminatory and unequal treatment, but otherwise admit the allegations.

31. This is not a factual allegation and no response is necessary. If an answer is deemed necessary, Defendants deny the allegations as untrue.

32. This is not a factual allegation and no response is necessary. If an answer is deemed necessary, Defendants deny the allegations as untrue.

33. This is not a factual allegation and no response is necessary. If an answer is deemed necessary, Defendants admit the allegations.

Defendants respectfully request that the Court dismiss all claims and grant any other appropriate relief to Defendants.

## COUNT II
## FIRST AMENDMENT RETALIATION CLAIM (42 U.S.C § 1983)

34. Defendants incorporate all prior responses.

35. This is not a factual allegation and no response is necessary. If an answer is deemed necessary, Defendants admit the allegations.

36. Defendants deny the allegations as untrue.

37. This is not a factual allegation and no response is necessary. If an answer is deemed necessary, Defendants deny the allegations as untrue.

38. Defendants deny the allegations, and all their subparts, as untrue.

39. This is not a factual allegation and no response is necessary. If an answer is deemed necessary, Defendants deny the allegations as untrue.

40. This is not a factual allegation and no response is necessary. If an answer is deemed necessary, Defendants admit they operated under color of law, but otherwise deny the allegations as untrue.

41. This is not a factual allegation and no response is necessary. If an answer is deemed necessary, Defendants deny the allegations as untrue.

42. This is not a factual allegation and no response is necessary. If an answer is deemed necessary, Defendants deny the allegations as untrue.

43. This is not a factual allegation and no response is necessary. If an answer is deemed necessary, Defendants deny the allegations as untrue.

44. This is not a factual allegation and no response is necessary. If an answer is deemed necessary, Defendants deny the allegations as untrue.

45. This is not a factual allegation and no response is necessary. If an answer is deemed necessary, Defendants admit the allegations.

Defendants respectfully request that the Court dismiss all claims and grant any other appropriate relief to Defendants.

## COUNT III
## PROCEDURAL DUE PROCESS (42 U.S.C § 1983)

46. Defendants incorporate all prior responses.

47. This is not a factual allegation and no response is necessary. If an answer is deemed necessary, Defendants admit the allegations.

48. This is not a factual allegation and no response is necessary. If an answer is deemed necessary, Defendants deny the allegations as untrue.

49. This is not a factual allegation and no response is necessary. If an answer is deemed necessary, Defendants deny the allegations as untrue.

50. This is not a factual allegation and no response is necessary. If an answer is deemed necessary, Defendants admit the allegations and their subparts.

51. Defendants deny the allegations as untrue.

52. Defendants deny the allegations as untrue.

53. Defendants neither admit nor deny the allegations because they lack knowledge or information sufficient to form a belief as to their truth and leave Plaintiff to his proofs.

54. Defendants neither admit nor deny the allegations because they lack knowledge or information sufficient to form a belief as to their truth and leave Plaintiff to his proofs.

55. This is not a factual allegation and no response is necessary. If an answer is deemed necessary, Defendants deny the allegations as untrue.

56. This is not a factual allegation and no response is necessary. If an answer is deemed necessary, Defendants deny the allegations as untrue.

57. This is not a factual allegation and no response is necessary. If an answer is deemed necessary, Defendants deny the allegations as untrue.

58. This is not a factual allegation and no response is necessary. If an answer is deemed necessary, Defendants admit the allegations.

Defendants respectfully request that the Court dismiss all claims and grant any other appropriate relief to Defendants.

## COUNT IV
## CONSPIRACY TO VIOLATE CONSTITUTIONAL RIGHTS
## (42 U.S.C § 1983)

59. Defendants incorporate all prior responses.

60. This is not a factual allegation and no response is necessary. If an answer is deemed necessary, Defendants deny the allegations as untrue.

61. This is not a factual allegation and no response is necessary. If an answer is deemed necessary, Defendants deny the allegations as untrue.

62. This is not a factual allegation and no response is necessary. If an answer is deemed necessary, Defendants deny the allegations as untrue.

63. This is not a factual allegation and no response is necessary. If an answer is deemed necessary, Defendants deny the allegations as untrue.

64. This is not a factual allegation and no response is necessary. If an answer is deemed necessary, Defendants deny the allegations as untrue.

65. This is not a factual allegation and no response is necessary. If an answer is deemed necessary, Defendants admit the allegations.

Defendants respectfully request that the Court dismiss all claims and grant any other appropriate relief to Defendants.

## COUNT V
## TORTIOUS INTERFERENCE WITH A BUSINESS EXPECTANCY AND RELATIONSHIP

66. Defendants incorporate all prior responses.

67. Defendants admit that Defendant White was aware of Plaintiff's contract with Electric Forest LLC.

68. This is not a factual allegation and no response is necessary. If an answer is deemed necessary, Defendants deny the allegations as untrue.

69. This is not a factual allegation and no response is necessary. If an answer is deemed necessary, Defendants deny the allegations as untrue.

70. This is not a factual allegation and no response is necessary. If an answer is deemed necessary, Defendants deny the allegations as untrue.

Defendants respectfully request that the Court dismiss all claims and grant any other appropriate relief to Defendants.

## **AFFIRMATIVE DEFENSES**

1. Some or all of Plaintiff's losses and damages, if any, were caused by Plaintiff's own conduct or the conduct of others and not attributable to Defendants.

2. Defendants are entitled to qualified immunity or other immunity granted by federal law.

3. To the extent that Plaintiff attempts to bring claims against Defendants in their official capacities, the Eleventh Amendment bars such claims.

4. Defendants are entitled to governmental immunity or other immunity granted by Michigan law. This immunity includes but is not limited to Defendants' actions not being the proximate cause of Plaintiff's losses.

5. Defendants object to any failure by Plaintiff to join all claims and parties required to be joined.

6. Defendants reserve the right to raise further defenses or assert other matters revealed by continuing investigation and discovery, including all defenses available under Federal Rules of Civil Procedure 12 and 56, upon the completion of discovery and as the Court permits.

## DEFENDANTS' RELIANCE UPON JURY DEMAND

Defendants rely upon the jury demand filed in this matter, and will pay any fee upon proper notification by the Court.

Respectfully submitted,

Bill Schuette
Attorney General

*s/Patrick S. Myers*
Patrick S. Myers (P81444)
Assistant Attorney General
Attorney for Defendants
Civil Litigation, Employment &
Elections Division
P.O. Box 30736
Lansing, MI  48909
517.373.6434
myersp4@michigan.gov
P81444

Date:  August 21, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing of the foregoing document as well as via US Mail to all non-ECF participants.

*s/Patrick S. Myers*
Patrick S. Myers
Assistant Attorney General
Attorney for Defendants