UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN HEYKOOP doing business as
EAGLE TOWING,

      NO. 1:18-cv-00632

    Plaintiff,

      HON. ROBERT J. JONKER

v

      MAG. PHILLIP J. GREEN

MICHIGAN STATE POLICE, DAVID
ROESLER, JEFFREY WHITE, and
CHRIS McINTIRE,

    Defendants.

_____

| | |
|---|---|
| Christopher Scott Patterson (P74350) | Patrick S. Myers (P81444) |
| John Seamus Brennan (P55431) | Assistant Attorney General |
| Fahey Schultz Burzych Rhodes PLC | Attorney for Defendant |
| Attorney for Plaintiff | Complex Litigation Division |
| 4151 Okemos Road | P.O. Box 30736 |
| Okemos, MI  48864 | Lansing, MI  48909 |
| 517.381.0100 | 517.335.3055 |

_____/

**BRIEF IN SUPPORT OF DEFENDANTS JEFFREY WHITE AND CHRIS McINTIRE'S MOTION TO MODIFY SCHEDULING ORDER**

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Should this Court modify its scheduling order extending all pending deadlines by two months?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

<u>*Authority*</u>:  Fed. R. Civ. P. 16(b)(4)

*Inge v. Rock Fin. Corp.*, 281 F.3d 613 (6th Cir. 2002)

## STATEMENT OF FACTS

On June 5, 2018, Plaintiff John Heykoop, doing business as Eagle Towing, filed this lawsuit against Defendants Michigan State Police ("MSP"), David Roesler, Jeffrey White, and Chris McIntire. (R. 1.)  Defendants filed a motion to dismiss on July 11, 2018. (R. 11.)  On August 3, 2018, the Court held a scheduling conference and granted in part and denied in part Defendants' motion. (R. 15, 16.)  The Court then entered a case management order on August 7, 2018, which set the completion of discovery for February 28, 2019. (R. 17, Page ID #180.)  The parties subsequently exchanged initial disclosures.  On September 13, 2018, Plaintiff served interrogatories and requests to produce, to which Defendants responded. (R. 24-26.)  On November 5, 2018, Defendants served interrogatories and requests to produce on Plaintiff. (R. 27.)  Plaintiff served his complete responses to Defendants' discovery requests on February 4, 2019.  Plaintiff took the depositions of Defendants McIntire and White on February 4 and 5, 2019.  Plaintiff also subpoenaed documents from third parties.

## ARGUMENT

I.  **Because additional time would facilitate voluntary resolution and because Defendants have thus far been unable to take Plaintiff's deposition, good cause exists for this Court to modify its scheduling order extending all pending deadlines by two months.**

"[I]t is well established that the scope of discovery is within the sound discretion of the trial court."  *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981) (citation omitted).  The Federal Rules of Civil Procedure provide that "[a] schedule may be modified only for good cause and with the judge's consent."

1

Fed. R. Civ. P. 16(b)(4).  "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements."  *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quotation and citations omitted).  Courts "should also consider possible prejudice to the party opposing the modification."  *Mich. Reg'l Council of Carpenters Employee Benefits Fund v. Infinity Homescapes, LLC*, No. 17-10816, 2018 WL 2193199, at *2 (E.D. Mich. Apr. 12, 2018), citing *Inge*, 281 F.3d at 625.

Since the beginning of this litigation, Defendants have diligently attempted to meet the Court's case management requirements.  After the Court entered the current scheduling order, the parties exchanged initial disclosures.  On September 13, 2018, Plaintiff served interrogatories and requests to produce, to which Defendants responded.  On November 5, 2018, Defendants served interrogatories and requests to produce on Plaintiff.  However, Plaintiff did not serve his complete responses to Defendants' discovery requests until February 4, 2019.  Consequently, Defendants have thus far been unable to take Plaintiff's deposition.  It is axiomatic that taking the deposition of a plaintiff is essential to a defendant's case.  Given the Court's discovery deadline of February 28, 2019, a modification of the scheduling order is warranted.

Moreover, an extension of time to complete discovery would not prejudice any party.  The parties have recently begun settlement negotiations.  An extension of all pending deadlines by two months may facilitate voluntary resolution of this case.  Additional time to engage in settlement negotiations may obviate the need for

further discovery, and thus avoid potentially unnecessary costs. Defendants seek modification of the scheduling order in the interest of minimizing the expense to all parties.

Because additional time would facilitate voluntary resolution and because Defendants have thus far been unable to take Plaintiff's deposition, good cause exists for this Court to modify its scheduling order extending all pending deadlines by two months.

## CONCLUSION AND RELIEF REQUESTED

For the reasons discussed above, Defendants respectfully request that the Court extend all pending deadlines by two months, and grant any other appropriate relief.

Respectfully submitted,

Dana Nessel
Attorney General


*/s/ Patrick S. Myers*
Patrick S. Myers
Assistant Attorney General
Attorney for Defendants
Complex Litigation Division
P.O. Box 30736
Lansing, MI 48909
517.335.3055
myersp4@michigan.gov
P81444

Dated: February 8, 2019

3

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing of the foregoing document as well as via US Mail to all non-ECF participants.

/s/ *Patrick S. Myers*
Patrick S. Myers
Assistant Attorney General
Attorney for Defendants
Complex Litigation Division
P.O. Box 30736
Lansing, MI  48909
517.335.3055
myersp4@michigan.gov
P81444

4