**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN**

JOHN HEYKOOP D/B/A EAGLE TOWING,

    Plaintiff,

v

FIRST LIEUTENANT JEFFREY WHITE; FIRST LIEUTENANT CHRIS MCINTIRE.

Defendants.
_____/

Case No.: 1:18-cv-00632

Hon. Robert J. Jonker

Mag. Phillip J. Green

John S. Brennan (P55431)
Christopher S. Patterson (74350)
FAHEY SCHULTZ BURZYCH RHODES PLC
Attorneys for Plaintiff
4151 Okemos Road
Okemos, Michigan 48864
Tel: (517) 381-0100
Fax: (517) 381-5051
jbrennan@fsbrlaw.com
cpatterson@fsbrlaw.com

Patrick S. Meyers (P81444)
Assistant Attorney General
Attorney for Defendants
Civil Litigation, Employment &
Elections Division
P.O. Box 30736
Lansing, MI  48909
Tel: (517) 373-6434
myers4@michigan.gov

_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO MODIFY SCHEDULING ORDER**

**Statement of Facts**

Defendants seek a 60-day extension for discovery in this matter. To date, Defendants' *only activity* in seeking discovery in this case has been a set of interrogatories and document requests. These were served on November 4, 2018 and responded to by Plaintiff on December 12, 2018. Except for some income tax returns, all of the documents requested either did not exist or had already been produced with Plaintiff's initial disclosures made on August 31, 2018. Plaintiff's counsel mistakenly thought that the remaining copies of tax returns were transmitted shortly

thereafter. Defendants' counsel took no further action until he requested those copies in late January and was provided with them on February 4, 2019. Defendants' counsel has not and does not claim any prejudice due to the delay.

While Defendants have taken no other action to further case preparation, Plaintiff has submitted interrogatories, document requests, obtained documents through third-party subpoena from several sources, noticed and taken the depositions of Defendants.

### Argument

I. **Contrary to Defendants' assertion, additional time would *not* facilitate voluntary resolution of this matter, and there is no good cause for modifying deadlines in this matter.**

Plaintiff agrees with Defendants' citation to controlling legal authority. Specifically, Plaintiff agrees that Defendants are obligated to demonstrate "good cause" for an extension that is grounded upon "the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.,* 281 F.3rd 613, 625 (6th Cir. 2002). Plaintiff also agrees that prejudice to the party opposing the modification is relevant and should be considered.

Defendants' attempt to argue diligence is disingenuous. Defendants' have done nothing other than serve written discovery to advance their defense. Defendants' claim that the delay in receiving copies of Plaintiff's tax returns has somehow resulted in Defendant's inability to take Plaintiff's deposition. Not true. Although the returns were not transmitted to Plaintiff until February 4th, they were produced within a week of when Defendant's counsel first made Plaintiff's counsel aware that he had not received them. Of course, this request could have been made during the intervening 2.5 months between Plaintiff's response to the document request and the time it was first brought to Plaintiff's counsel's attention that the documents had not yet been sent. Perhaps more importantly, Defendants' counsel has not mentioned his desire to take any

depositions until February, and has yet to send any notices. In short, there is no good faith basis alleged by Defendants for any modification. In the meantime, Plaintiff has been diligently progressing with discovery in order to meet the case management deadlines.

And there is prejudice to Plaintiff. While Defendants enjoy legal representation provided for free by the state, Plaintiff has expended thousands of dollars in legal expenses to diligently prepare his case, and a delay will only add thousands of more dollars to that tally.

In addition, a delay will not facilitate settlement. Delay is the tactic used to "wear out" the other party – not to settle. Of note, Plaintiff has made two settlement offers to Defendants without so much as a counter-offer. Contrary to Defendants' assertion, dragging discovery on for no good cause will *not* facilitate voluntary settlement. As Plaintiff's litigation burden increases, so will Plaintiff's settlement demands, because Plaintiff has made a claim for attorney fees as provided for by law in this case.

Finally, case evaluation is set for February 26, 2019. Both parties have submitted case evaluation briefs. Plaintiff should not be faced with delay and an increase in the burden of litigation, particularly when Defendants saw fit not to plan ahead and schedule discovery within the time set by this court's case management scheduling order. Regardless of the outcome of the case evaluation, trial is not scheduled until later this year. There is plenty of time for Defendants to work toward voluntary settlement of this matter, if in fact that is their true intention.

## **Conclusion**

Plaintiff has and will continue to be willing to engage in settlement discussions with Defendants – something that to date has not yet occurred. An extension of discovery without any true cause whatsoever will not facilitate settlement, but only provide more leverage and time for

Defendants to ignore meaningful settlement discussions and delay resolution of this dispute. Plaintiff thus respectfully requests that Defendants' motion be denied.

                Respectfully submitted,

                FAHEY SCHULTZ BURZYCH RHODES PLC
                Attorneys for Plaintiff

Dated: February 15, 2019        By: __/s/ John S. Brennan_____
                John S. Brennan (P55431)
                4151 Okemos Road
                Okemos, Michigan 48864
                (517) 381-0100
                jbrennan@fsbrlaw.com

## CERTIFICATE OF SERVICE

    I hereby certify that on February 15, 2019 I electronically filed the forgoing paper with the Clerk of the Court using ECF system which will send notification of such filing on the attorneys of record.

                /s/ Adrienne Monahan_____
                Adrienne Monahan
                Fahey Schultz Burzych Rhodes PLC
                4151 Okemos Road
                Okemos, Michigan 48864
                (517) 381-3202
                amonahan@fsbrlaw.com