*John Heykoop dba Eagle Towing v Michigan State Police, et al*
USDC-WD No: 1:18-cv-00632
Honorable Robert J. Jonker
Magistrate Judge Phillip J. Green

# EXHIBIT 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

JOHN HEYKOOP D/B/A EAGLE TOWING,

    Plaintiff,

v

MICHIGAN STATE POLICE, and CAPT. DAVID ROESLER, COMMANDER, DISTRICT 6, MICHIGAN STATE POLICE; FIRST LIEUTENANT JEFFREY WHITE; FIRST LIEUTENANT CHRIS MCINTIRE.

    Defendants.

Case No.: 1:18-cv-00632

Hon. Robert J. Jonker

Mag. Phillip J. Green

/

| | |
|---|---|
| John S. Brennan (P55431)<br>Christopher S. Patterson (74350)<br>FAHEY SCHULTZ BURZYCH RHODES PLC<br>Attorneys for Plaintiff<br>4151 Okemos Road<br>Okemos, Michigan 48864<br>Tel: (517) 381-0100<br>Fax: (517) 381-5051<br>jbrennan@fsbrlaw.com<br>cpatterson@fsbrlaw.com | Patrick S. Meyers (P81444)<br>Assistant Attorney General<br>Attorney for Defendants<br>Civil Litigation, Employment &<br>Elections Division<br>P.O. Box 30736<br>Lansing, MI 48909<br>Tel: (517) 373-6434<br>myers4@michigan.gov |

/

## PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS TO PRODUCE

Plaintiff, John Heykoop, hereby responds to Defendants' First Set of Interrogatories and Document Requests as follows:

1

## Interrogatories

1. State the name, address, and telephone number of each person whom Plaintiff may call as a lay witness at the trial of this action, including all such individuals named in Plaintiffs Initial Disclosures, and for each such person state the substance of their anticipated testimony.

RESPONSE: A list of such persons and their telephone numbers are attached. I believe that all such persons have some level of knowledge of facts regarding the allegations of the complaint, but at this time I have not interviewed each of them such that I can accurately anticipate their testimony.

2. Describe in detail all damages that Plaintiff claims he suffered, both personally and doing business as Eagle Towing, as a result of the incident alleged in the Complaint.

RESPONSE: My damages are comprised of lost revenues, which are the revenues I would have earned had I not been removed from the no-preference towing lists. These are based upon historical experience with my business in the areas served by the state police posts in which my company was removed from the no-preference lists. In addition, I claim any punitive or exemplary damages permitted under the law as well as attorney fees.

3. Identify and describe any contract or arrangement, such as placement on a no-preference wrecker call list ("No-Preference List"), that Eagle Towing has

2

entered into or maintained with law enforcement agencies in the last seven (7) years, including when such contract or arrangement began and (if applicable) when it ended, how much revenue Eagle Towing has received for such services, and what percentage of Eagle Towing's total revenue such contracts or arrangements entailed for each applicable year.

RESPONSE: I have been on the no-preference towing list within the state police posts served by Defendants for at least 7 years. I do not know the exact date when this arrangement began. Historically, the list has been a rotation of towing companies that are called by law enforcement when vehicles are in need of towing, extrication, impoundment, etc., as part of a stop, investigation or response to a call. With regard to Defendants' posts, the arrangement was unilaterally ended by them on or about November 13, 2017 (Hart Post) and December 14, 2017 (Rockford Post). The historical revenue due to state police calls off of the no-preference list is being calculated. I need to subpoena the relevant 911 call centers to obtain data regarding which calls were from state police and which calls were from other law enforcement. When that information is obtained, I will supplement this answer.

4. Identify the towing companies on Defendants' No-Preference Lists that Plaintiff alleges do not meet the requirements of Michigan State Police ("MSP") Official Order 48, and describe specifically how each company does

3

not meet the requirements of MSP Official Order 48, as claimed in Paragraph 22 of Plaintiffs Complaint.

RESPONSE: Upon my information and belief, the following is a non-exclusive list of towing companies that are not in compliance with Official Order 48: Gundy's Garage, Oceana Auto, Neal's Towing; Fiers Towing, Twin Cities, A2B Towing, Central Towing, ASAP Towing, Staffords Towing, Ravana Towing, Ramos Towing, and Reliable Towing. In response to my interrogatories and document requests, Defendants were to produce all applications made by towing or wrecker entities that are placed on the no-preference list, as well as all contracts, agreements, requirements or certifications for those companies. In response to my discovery requests, no such documents were produced. Thus, no such documents must be on file. Yet these companies and others continue to be called by your posts through central dispatch. If these companies have not made application (as I have done) and have not provided the information and documentation required under Official Order 48, then they are in non-compliance. There may, of course, be other reasons that they are in non-compliance based upon what the content of their applications if they had they submitted them.

5. Identify and describe every complaint against law enforcement agencies or officers made by Plaintiff or any Eagle Towing employee over the last seven (7) years and whether such complaint resulted in litigation.

4

RESPONSE: I notified the Shelby Administrator Chelsea Stratil about Shelby police Chief Robert Wilson's misconduct concerning salvage vehicle inspections. In March 2018 Andrew Heykoop contacted the Secretary of States investigation department on misconduct on Shane Hasty for his involvement of salvage vehicle inspections and to our knowledge that investigation is pending.

6. Provide the following information concerning Plaintiff:

A. Full legal name, date and place of birth, and Social Security Number.

B. Complete employment and military history.

C. Complete marital history.

D. Complete family history, with the names, addresses, and telephone numbers of relatives to the second degree of consanguinity. Amy McConnell, Alyssa Seaver, Amanda Van Huizen

E. Complete educational history.

F. Disclosure of any and all individuals who are dependent on Plaintiff for their support both before and at the time of the subject incidents.

G. Complete criminal history.

H. Complete litigation history, including all civil, probate and bankruptcy matters in which Plaintiff was a party or a witness.

RESPONSE:

A. John Edward Heykoop, 02/01/1963 Muncie Indiana, 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

5

B. Heykoops Auto Sales and Eagle Towing (formally Heykoop's Towing 1983-Present

C. No Military History

D. Objection: the request is overbroad and not reasonably calculated to lead to admissible evidence. Without waiving this objection, Defendant states: Married Carol Anderson (Heykoop) May 28th 1983-Present; Children: Amy McConnell; Alyssa Seaver; Amanda Van Huizen.

E. High School Degree.

F. Carol Anderson Heykoop

G. None

H. In the 90's my company was sued in Oceana County by the Village of Shelby. The suit was dismissed.

7. State the name, address, and telephone number of each person whom Plaintiff expects may be called as an expert witness at the trial of this action, including all such individuals named in Plaintiffs Initial Disclosures, and for each such person state:

A. The contents of all facts, opinions, and conclusions to which that person may be expected to testify.

B. A summary of the grounds for each opinion to which that person may be expected to testify.

6

C.   The rate, amount, or method that that person is being compensated.

RESPONSE:

Ron Meyers Police Towers of America Expert Witness 35+ years insurance adjusting.

740-584-9040

Bill Giorgis Mikes Wrecker service expert witness with 30+ years towing experience.

989-755-1133

It is unknown at this time what the compensation will be.

_____
JOHN HEYKOOP

STATE OF MICHIGAN   )
                    )SS
COUNTY OF           )

On this 13th day of December, 2018, John Heykoop, having been duly sworn and under oath before me, did aver that the above answers to interrogatories were true to the best of his knowledge and belief and executed the foregoing instrument and acknowledged the same to be his free act and deed.

_____
Nancy Olds, Notary Public
State of Michigan, County of Muskegon
My Commission Expires: 11/2/19
Acting in the County of Muskegon

AS TO OBJECTIONS:

NANCY OLDS, Notary Public
State of Michigan, County of Muskegon
My Commission Expires 11/02/2019

7