UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN HEYKOOP doing business as
EAGLE TOWING,

    Plaintiff,

v

MICHIGAN STATE POLICE, DAVID
ROESLER, JEFFREY WHITE, and
CHRIS McINTIRE,

    Defendants.

NO. 1:18-cv-00632

HON. ROBERT J. JONKER

MAG. PHILLIP J. GREEN

---

Christopher Scott Patterson (P74350)
John Seamus Brennan (P55431)
Fahey Schultz Burzych Rhodes PLC
Attorney for Plaintiff
4151 Okemos Road
Okemos, MI  48864
517.381.0100

Patrick S. Myers (P81444)
Assistant Attorney General
Attorney for Defendant
Complex Litigation Division
P.O. Box 30736
Lansing, MI  48909
517.335.3055

                                                               /

**DEFENDANTS JEFFREY WHITE AND CHRIS MCINTIRE'S
RESPONSE TO PLAINTIFF'S MOTIONS TO AMEND
COMPLAINT AND FOR PARTIAL SUMMARY JUDGMENT**

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Should this Court deny Plaintiff's motion for partial summary judgment and grant qualified immunity to Defendants White and McIntire as to Plaintiff's claims?

2. Should this Court deny Plaintiff's requested injunctive relief?

3. Should this Court deny Plaintiff's motion to amend his complaint?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

<u>Authority</u>:   *Arrington-Bey v. City of Bedford Heights*, 858 F.3d 988 (6th Cir. 2017)

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)

*Duggins v. Steak 'N Shake, Inc.,* 195 F.3d 828 (6th Cir. 1999)

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006)

*Miller v. Calhoun Cty.*, 408 F.3d 803 (6th Cir. 2005)

COUNTER-STATEMENT OF FACTS

Defendants Jeffrey White and Chris McIntire respectfully refer the Court to the statement of facts contained in their brief in support of their motion for summary judgment. (Defs. Brief in Support of Motion for Summ. J., R. 50, Page ID ## 260-345.)

ARGUMENT

I. **This Court should deny Plaintiff's motion for partial summary judgment because Defendants White and McIntire are entitled to qualified immunity for Plaintiff's claims.**

A motion for summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where no genuine issue of material fact remains to be decided and the moving party is entitled to judgment as a matter of law. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989). In assessing a summary judgment motion, the court must examine any pleadings, depositions, answers to interrogatories, admissions and affidavits in a light that is most favorable to the non-moving party. *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005). If the moving party establishes an absence of evidence in support of the non-moving party's case, the "nonmoving party must present affirmative evidence to defeat [the] properly supported motion for summary judgment." *Fogerty v. MGM Group Holdings Corp, Inc.*, 379 F.3d 348, 353 (6th Cir. 2004) (citation omitted). To sustain this burden, the non-moving party cannot rest solely on the allegations made in the pleadings, but must set forth by affidavits or otherwise specific facts showing that there is a genuine issue for trial. *Skousen v. Brighton High Sch.*, 305 F.3d 520, 527 (6th Cir. 2002).

1

The party responding to the motion must "adduce more than a scintilla of evidence to overcome the motion." *Street*, 886 F.2d at 1479. "The central issue is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Colvin v. Caruso*, 605 F.3d 282, 288 (6th Cir. 2010) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)). A motion for summary judgment should be granted if "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Plaintiff seeks summary judgment on his procedural due process, equal protection, and conspiracy claims. As set forth in Defendants White and McIntire's motion for summary judgment and brief in support, Defendants are entitled to summary judgment on all of Plaintiff's claims. Defendants respectfully refer the Court to the arguments contained in their brief in support of their motion for summary judgment. (Defs. Brief in Support of Motion for Summ. J., R. 50, Page ID ## 260-345.) Defendants are entitled to qualified immunity because Plaintiff cannot establish the violation of any clearly established constitutional right. *Arrington-Bey v. City of Bedford Heights*, 858 F.3d 988, 992 (6th Cir. 2017), *cert. denied*, 138 S. Ct. 738 (2018) (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). Therefore, this Court should deny Plaintiff's motion for partial summary judgment.

## II.   Plaintiff is not entitled to injunctive relief because a permanent injunction placing Eagle Towing on the No-Preference Lists would require MSP to maintain No-Preference Lists.

Plaintiff requests that this Court issue a permanent injunction placing Eagle Towing back on the Hart and Rockford Posts' No-Preference Lists.  A plaintiff seeking a permanent injunction "must demonstrate:  (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (citations omitted).

Here, Plaintiff is not entitled to injunctive relief because he has not demonstrated that he has met the requirements for a permanent injunction. Plaintiff makes the factually unsupported assertion that "[t]owing service referrals from the MSP made up a significant portion of Heykoop's business."  In Plaintiff's complaint, he seeks compensatory damages for "loss of business and revenue." (Compl. R. 1, Page ID # 7.)  Because Plaintiff is alleging loss of business and revenue, it cannot be said that "monetary damages . . . are inadequate to compensate for that injury."  *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. at 391.

Moreover, a permanent injunction placing Eagle Towing back on the Hart and Rockford Posts' No-Preference Lists would cause hardship to Defendants as MSP Post Commanders in addition to harming the public interest.  Official Order 48 provides MSP commanders with the option of establishing a No-Preference List or contracting with local towing companies.  (Compl., R. 4, Page ID # 97.)  MSP

3

...

commanders are not required to maintain a No-Preference List, and may decide to contract with a towing company instead. A permanent injunction would impair Defendants' ability to determine how their Post operates, and it would require MSP to maintain No-Preference Lists in the Hart and Rockford Posts. MSP has discretion to decide whether its responsibilities as a law enforcement agency would best be served by using No-Preference Lists or by contracting with local towing companies. Injunctive relief forcing MSP to maintain No-Preference Lists would impose a significant hardship on MSP operations. Moreover, mandating that MSP use Eagle Towing harms the public interest by subjecting vehicle drivers who require a tow to a towing company about which there have been complaints of overcharging and lack of cooperation. MSP—and the public—have an interest in ensuring that towing companies used by MSP conform to certain standards of quality. Consequently, Plaintiff is not entitled to a permanent injunction.

### III. Plaintiff should not be permitted to amend his complaint because amendment after the close of discovery would be prejudicial, and in any event, such amendment would be futile.

Plaintiff seeks to add a substantive due process claim against Defendants. Under Rule 15(a)(2), Plaintiff can amend his complaint "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, leave should be denied on the basis of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Although Rule 15(a)

indicates that leave to amend shall be freely granted, a party must act with due diligence if it intends to take advantage of the Rule's liberality." *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995) (citing *Troxel Mfg. Co. v. Schwinn Bicycle Co.,* 489 F.2d 968 (6th Cir. 1973)). "When amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 459 (6th Cir. 2001) (citing *Duggins v. Steak 'N Shake, Inc.,* 195 F.3d 828, 834 (6th Cir. 1999)).

Here, Defendants would be substantially prejudiced by Plaintiff's addition of a substantive due process claim because they would be unable to conduct discovery relating to such a claim. As the Sixth Circuit has recognized, "allowing amendment after the close of discovery creates significant prejudice." *Duggins,* 195 F.3d at 834; *see also Leary v. Daeschner*, 349 F.3d 888, 907-09 (6th Cir. 2003). This Court's case management order provided for the completion of discovery by February 28, 2019. (Case Management Order, R. 17, Page ID # 180.) In addition, this Court previously declined to extend the discovery deadline (a request to which Plaintiff was opposed). (Order, R. 44, Page ID # 250.) Plaintiff states that "[t]he depositions of the Defendants and documents that have been produced have revealed evidence that . . . establish a basis for an additional alternative theory." Defendants were deposed on February 4, 2019, and February 5, 2019—before the close of discovery. Plaintiff has provided no justification for waiting to bring his motion to amend until after the

5

close of discovery, especially given that the evidence supporting the amendment apparently came to his attention earlier.

In any event, this Court should deny Plaintiff's motion for leave to amend because the proposed amendment is futile. "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 (6th Cir. 2005) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.,* 632 F.2d 21, 23 (6th Cir. 1980)). Plaintiff seeks to amend his complaint to add a substantive due process claim. "To establish a violation of substantive due process, a plaintiff must first establish the existence of a constitutionally-protected property or liberty interest." *Silver v. Franklin Twp. Bd. of Zoning Appeals*, 966 F.2d 1031, 1036 (6th Cir. 1992). Plaintiff alleges that Eagle Towing's removal from the No-Preference Lists impaired his liberty interest in practicing his occupation.

Plaintiff relies on an unpublished Sixth Circuit opinion for the proposition that Eagle Towing's removal from the Hart and Rockford Posts' No-Preference Lists precluded Plaintiff's right to operate his towing company in violation of substantive due process. *See Jackson v. Heh*, 2000 WL 761807 (6th Cir. 2000). In *Jackson*, the plaintiff was an owner of two minor league football franchises who was terminated after he was investigated for fraud. *Id.* at *1. The plaintiff sued the City of Albuquerque and the investigative officers for, *inter alia*, depriving him of his constitutional right to engage in his profession. *Id.* The Sixth Circuit affirmed the dismissal of the plaintiff's claims, holding that "[a]lthough infringement of a

6

plaintiff's state-sanctioned right to pursue a particular activity may rise to the level of a constitutional deprivation, the loss of one job and certain future opportunities does not constitute deprivation of a protected liberty interest." *Id.* at *6. Citing *Cowan v. Corley,* 814 F.2d 223 (5th Cir. 1987), the court opined that "it is *only* where the defendant's action effectively precludes the plaintiff from practicing his trade with *all employers or customers* that the plaintiff's liberty interest in pursuing his occupation is infringed." *Id.* (emphasis added). The court noted that in *Cowan*, the "sheriff's removal of plaintiff's towing service from sheriff's 'on-call' list deprived the plaintiff of a protected liberty interest because the on-call list at issue was a 'comprehensive framework for managing virtually every aspect of the wrecker industry' in the county and served as a referral service for *both* government and private contracts." *Id.* (emphasis in original).

Here, unlike in *Cowan*, the Hart and Rockford Posts' No-Preference Lists were not a comprehensive framework governing every aspect of the Michigan wrecker industry. The No-Preference Lists do not serve as a referral service for private contracts, or even for other law enforcement agencies. In fact, other law enforcement agencies have their own No-Preference Lists which are independent from MSP Posts' No-Preference Lists. Moreover, there is no evidence that Plaintiff's business was substantially harmed by Eagle Towing's removal from the Hart and Rockford Posts' No-Preference Lists. Plaintiff makes the entirely unsupported allegation that "[a] significant portion of Eagle Towing's revenue comes from referrals from law enforcement agencies, including the Michigan State Police."

7

Plaintiff does not allege that removal from the No-Preference Lists caused Eagle Towing to cease operations.  It thus cannot be said that the removal "effectively preclude[d] the plaintiff from practicing his trade with all employers or customers." *Jackson*, 2000 WL 761807, at \*6.  Accordingly, Plaintiff could not establish his proposed substantive due process claim, and amendment to add such a claim would be futile.

## CONCLUSION

Defendants White and McIntire respectfully request that this Court deny Plaintiff's motion for partial summary judgment and motion to amend his complaint.

Respectfully submitted,

Dana Nessel
Attorney General


*s/Patrick S. Myers*
Patrick S. Myers (P81444)
Assistant Attorney General
Attorney for Defendants
Complex Litigation Division
P.O. Box 30736
Lansing, MI  48909
517.335.3055
myersp4@michigan.gov
P81444

Dated: May 1, 2019

8

**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2019 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing of the foregoing document as well as via US Mail to all non-ECF participants.

*s/Patrick S. Myers*
Patrick S. Myers
Assistant Attorney General
Attorney for Defendants

9