UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN HEYKOOP doing business as
EAGLE TOWING,

    Plaintiff,

v

MICHIGAN STATE POLICE, DAVID
ROESLER, JEFFREY WHITE, and
CHRIS McINTIRE,

    Defendants.

NO. 1:18-cv-00632

HON. ROBERT J. JONKER

MAG. PHILLIP J. GREEN

| Christopher S. Patterson (P74350) | Mark E. Donnelly (P39281) |
|---|---|
| John S. Brennan (P55431) | Assistant Attorney General |
| Fahey Schultz Burzych Rhodes PLC | Attorney for Defendants |
| Attorneys for Plaintiff | Complex Litigation Division |
| 4151 Okemos Road | P.O. Box 30736 |
| Okemos, MI  48864 | Lansing, MI  48909 |
| (517) 381-0100 | (517) 335-3055 |

                                                                                                      /

## **DEFENDANTS' RESPONSE TO SHOW CAUSE ORDER (R. 61)**

    Defendants Jeffrey White and Chris McIntire, by counsel, answer Show Cause Order, as follows.

    1.    Undersigned counsel takes full responsibility for failing to timely submit Defendants' confidential settlement letter and, as such, respectfully requests that neither Defendant be sanctioned or held in contempt of court.  If there is sanctionable or contemptuous conduct, then it is solely borne by defense counsel.

2.      Defense counsel respectfully apologizes for his failure to timely submit the confidential letter.  Defense counsel had no intention of acting contemptuously or disrespectfully and offers the following chronology and explanation.

3.      On May 31, 2019 this Court granted summary judgment to Defendants on all claims except a procedural due process claim (R. 57, Order).  Defendants had asserted a qualified immunity defense as to the procedural due process claim arguing that Plaintiff could not establish that his clearly established right to procedural due process was violated by Eagle Towing's removal from the Hart and Rockford Posts' No-Preference Lists.  The Defendants also argued that the that MSP's Official Order governing No-Preference Lists did not create a protected property interest, and if it did, that such a right to procedural due process was not clearly established.  (R. 49; 50, Motion and Brief for Summary Judgment).  Upon information and belief, at the hearing on Defendants' motion, this Court did not find that Defendants' qualified immunity defense was frivolous and it was also anticipated that Defendants would file an interlocutory appeal.

4.      On Thursday, June 20, 2019, Defendants timely filed their interlocutory appeal (R. 59, Notice of Appeal).  The appeal was filed prior to the deadline for submitting the confidential settlement letter.  Defense counsel reasonably believed based on past practice and existing case law that the filing of the appeal automatically stayed the trial court proceedings on the only remaining claim—whether Defendants were entitled to qualified immunity on the procedural due process claim.  Accordingly, defense counsel did not submit the confidential

settlement letter by the end of the day on June 20, as he believed that the settlement conference would be canceled.

5. On Friday, June 21, 2019, at 1:48 p.m. the judicial assistant to Magistrate Judge Green sent an email to counsel requesting that the parties' confidential letters (originally due on June 20) be submitted by 4:00 p.m. (Exhibit A). Plaintiff and defense counsel then had a phone conference in which counsel both affirmed their belief that the trial court proceedings were automatically stayed as a result of the interlocutory appeal. Counsel then made a joint call to the judicial assistant to voice their opinion that this matter was stayed and to seek guidance related to the settlement conference. The judicial assistant was unavailable, and counsel left a voice message followed up by an email (*Id.*).

6. On Monday, June 24, 2019, defense counsel took his 93-year-old mother to a doctor appointment. Upon conclusion of that task, and after arriving at the office in late morning, defense counsel called the judicial assistant for purposes of following up on his phone call and email from June 21. Defense counsel was advised by the judicial assistant that settlement conference was going forward on June 25. Defense counsel then called Plaintiff's counsel to advise that the settlement conference was still on. Plaintiff's counsel asked defense counsel if he would call the judicial assistant back to see if the conference could start at 1:00, instead of 1:30, on June 25. Defense counsel then called the judicial assistant back to relay Plaintiff's counsel's request. Shortly after his conversation with the judicial assistant, at 12:04 p.m., counsel received an email from the judicial assistant

3

confirming the new time for the settlement conference and reminding counsel that his confidential settlement letter was due by 2:00 p.m. (Exhibit A).

7. Defense counsel simply did not get the letter done in time. He submitted the letter at 3:25 p.m.—precisely the same time that the Court issued its Order to Show Cause. As previously stated, defense counsel accepts full responsibility for this tardy submission. There was no intent to be contemptuous, disrespectful, or uncooperative. In hindsight, not having heard back from the Court on June 21, defense counsel should have just filed a settlement letter and then inquired whether the trial proceedings were stayed. Lesson learned. And beyond what is factually specific to what happened in this instance, defense counsel asks the Court to take into consideration these additional mitigating factors. Due to an office reorganization, on June 17, 2019, defense counsel undertook a new position in which he became primarily responsible for this case and sixty-eight others. In trying to juggle his many new cases and deadlines, he did not follow up as thoroughly as he should have with both the judicial assistant or his secretary who was helping him with the confidential letter. Additionally, defense counsel has practiced in this Court for almost 30 years and believes that he has a good reputation. It is an anomaly for him to miss a deadline or to incur the wrath of this, or any other, Court.

## CONCLUSION

Defendants respectfully request that this Court dismiss the June 24, 2019 Show Cause Order (R. 61). Defendants further request that all trial proceedings be stayed pending their appeal.

Respectfully submitted,

Dana Nessel
Attorney General

*s/Mark E. Donnelly*
Mark E. Donnelly
Assistant Attorney General
Attorney for Defendants
Complex Litigation Division
P.O. Box 30736
Lansing, MI  48909
(517) 335-3055
donnellym@michigan.gov
P39281

Dated:  June 25, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2019 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing of the foregoing document as well as via US Mail to all non-ECF participants.

*s/Mark E. Donnelly*
Mark E. Donnelly
Assistant Attorney General
Attorney for Defendants