UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN HEYKOOP doing business as
EAGLE TOWING,

    Plaintiff,

v

MICHIGAN STATE POLICE, DAVID
ROESLER, JEFFREY WHITE, and
CHRIS McINTIRE,

    Defendants.

NO. 1:18-cv-00632

HON. PHILLIP J. GREEN

| | |
|---|---|
| John S. Brennan (P55431) | Mark E. Donnelly (P39281) |
| Christopher S. Patterson (P74350) | Assistant Attorney General |
| Fahey Schultz Burzych Rhodes PLC | Attorney for Defendants |
| Attorneys for Plaintiff | State Operations Division |
| 4151 Okemos Road | P.O. Box 30754 |
| Okemos, MI  48864 | Lansing, MI  48909 |
| (517) 381-0100 | (517) 335-7573 |

## **STIPULATED ORDER OF DISMISSAL**

The parties to this case, by counsel and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), stipulate that this action is dismissed with prejudice and without costs or fees to any party.  The parties consent to the this Court's retention of jurisdiction for a period of two years for the purpose of enforcing the attached Settlement and Release executed between the Parties.

Consistent with the parties' stipulation, **IT IS ORDERED** that this case is **DISMISSED** in its entirety with prejudice and without costs or fees to any party.  The Court hereby **RETAINS JURISDICTION** for a period of two (2) years from

the date of entry of this Order for the express purpose of the enforcement of the Settlement and Release Agreement executed by the parties, attached hereto.

                                                           _____
                                                           HON. PHILLIP J. GREEN
                                                           United States Magistrate Judge

Approved for entry:

| | |
|---|---|
| Dated:  June 8, 2021 | */s/ John S. Brennan* <br> John S. Brennan (P55431) <br> Attorney for Plaintiff |
| Dated:  June 8, 2021 | */s/Mark E. Donnelly* <br> Mark E. Donnelly (P39281) <br> Attorney for Defendants |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOHN HEYKOOP doing business as EAGLE TOWING, | |
| Plaintiff, | NO. 1:18-cv-00632 |
| v | HON. PHILLIP J. GREEN |
| MICHIGAN STATE POLICE, DAVID ROESLER, JEFFREY WHITE, and CHRIS McINTIRE, | |
| Defendants. | |

| | |
|---|---|
| Christopher S. Patterson (P74350) | Mark E. Donnelly (P39281) |
| John S. Brennan (P55431) | Assistant Attorney General |
| Fahey Schultz Burzych Rhodes PLC | Attorney for Defendants |
| Attorneys for Plaintiff | State Operations Division |
| 4151 Okemos Road | P.O. Box 30754 |
| Okemos, MI  48864 | Lansing, MI  48909 |
| (517) 381-0100 | (517) 335-7573 |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into between John Heykoop d/b/a Eagle Towing ("Plaintiff"), and Jeffrey White, and Chris McIntire ("Defendants").

## RECITALS

WHEREAS, there has been a dispute between the parties resulting in a lawsuit captioned, *John Heykoop doing business as Eagle Towing v. Jeffrey White & Chris McIntire* U.S. District Court for the Western District of Michigan, Docket No. 1:18-cv-00632 (hereinafter referred to as "the lawsuit"), and,

WHEREAS, the lawsuit alleges various claims under federal law, including claims for damages pursuant to 42 U.S.C. § 1983 and attorney fees pursuant to 42 U.S.C. § 1988, and,

WHEREAS, Defendants have asserted various defenses to the lawsuit, and,

WHEREAS, the parties desire to enter into this Settlement Agreement in full and complete settlement, discharge and release of all claims against each other which are or could have been the subject of Plaintiff's complaint in the lawsuit.  Plaintiff and Defendants enter into this Settlement Agreement for the purpose of resolving any and all claims arising from, related to or which could have arisen from the case and facts alleged in the lawsuit, including all claims which could have been brought against Defendants or the State of Michigan or any divisions, institutions, agencies, sections, bureaus, officers, employees, agents, volunteers, and attorneys of the State of Michigan, arising out of the facts alleged in the lawsuit, and,

WHEREAS, this Settlement Agreement is on behalf of Plaintiff and his successors, heirs, assigns and any other persons who could lawfully make a claim on Plaintiff's behalf against Defendants and the State of Michigan and any divisions, institutions, agencies, sections, bureaus, officers, employees, agents, volunteers, and attorneys of the State of Michigan.

**AGREEMENT**

Therefore, in consideration of the foregoing and of the mutual promises hereinafter set forth, the receipt and accuracy of which is hereby acknowledged, the parties agree as follows:

1.0   <u>RELEASE AND DISCHARGE</u>

1.1   In consideration of the agreements set forth in Sections 2 and 3, Plaintiff hereby completely releases and forever discharges Defendants and the State of Michigan and any departments, divisions, institutions, agencies, sections, bureaus, officers, employees, agents, volunteers, and attorneys of the State of Michigan, or any of their insurers, from any and all past, present or future claims, demands, obligations, actions, causes of action, rights, damages, costs, losses of services, expenses and compensation of any nature whatsoever, whether based on a tort, contract or other theory of recovery, which Plaintiff now has, or which may hereafter accrue or otherwise be acquired, arising from, related to or which could have arisen from the case and facts

alleged in the lawsuit, including all claims which could have been brought against Defendants or the State of Michigan or any divisions, institutions, agencies, sections, bureaus, officers, employees, agents, volunteers, and attorneys of the State of Michigan.

1.2    In addition to Defendants, this release and discharge applies to all past, present and future officers, directors, agents, representatives, employees, predecessors and successors in interest of Defendants and the State of Michigan, as well as all assigns, indemnitors and insurers of Defendants and the State of Michigan.

1.3    Plaintiff further agrees to accept the agreements specified in Sections 2 and 3 as a complete compromise of matters involving disputed issues of law and fact.  Plaintiff assumes the risk that the facts or law may be other than as Plaintiff believes.

1.4    It is understood and agreed to by the parties that this settlement is a compromise of disputed claims and is not to be construed as an admission of liability on the part of Defendants, the State of Michigan, or their other employees or agents, by whom liability is expressly denied.

2.0    PAYMENTS

2.1    Upon the compliance with all the terms and conditions of this Settlement Agreement by Plaintiff, the State of Michigan agrees to pay the total sum of $60,000.00 as follows: Settlement check issued by the State of Michigan made payable jointly to Fahey Schultz Burzych Rhodes PLC and John Heykoop d/b/a Eagle Towing in the amount of $60,000.00.

2.2    The payment is in complete settlement of all damages and costs arising out of this complaint, including all § 1988 attorney fees.

2.3    Plaintiff and his attorney will follow the appropriate procedures designated by the State of Michigan for receiving payment, including providing identifying information and registering to receive payments on SIGMA Vendor Self Service or whatever other method is designated at any time by the State of Michigan prior to payment.

3.0     WRECKER CALL ROTATION

    3.1     Within 48 hours of the execution of this agreement and the dismissal of this lawsuit with prejudice, Defendants shall place Eagle Towing in rotation for wrecker calls for service in Muskegon and Oceana Counties made by Michigan State Police members assigned to the Rockford and Hart posts.  For clarification, Eagle Towing will be placed in the rotation for all service areas within Muskegon and Oceana Counties.

    3.2     The placement of Eagle Towing in rotation for wrecker calls for service in Muskegon and Oceana Counties made by Michigan State Police members assigned to the Rockford and Hart posts is not an endorsement by Defendants, the Michigan State Police, or the State of Michigan of Eagle Towing's services or fees.

    3.3     The placement of Eagle Towing in rotation for wrecker calls for service in Muskegon and Oceana Counties made by Michigan State Police members assigned to the Rockford and Hart posts shall be on the same basis as all other wrecker/towing services placed on the rotation by the Michigan State Police in Muskegon and Oceana Counties.  The Michigan State Police shall not remove Eagle Towing from the rotation for reasons that are arbitrary or capricious.

    3.4     The Parties agree to submit to the jurisdiction of the Federal District Court for the Western District of Michigan, Magistrate Judge Phillip J. Green, or if he is not at that time serving as a magistrate judge, the federal magistrate judge sitting in his stead, for enforcement of this Settlement Agreement for a period of two years following the entry of a dismissal with prejudice. The Parties agree that any such order issued to enforce this agreement shall be final, binding and non-appealable.

4.0   DELIVERY OF DISMISSAL WITH PREJUDICE

    4.1   Plaintiff agrees to dismiss, or cause to be dismissed, with prejudice, the claims released in Section 1.1, above. Plaintiff will not appeal the dismissal of any claims.

5.0   RIGHT TO SET-OFF

    5.1   The parties agree that any payment made in connection with this Settlement Agreement and Release is subject to any offset which the State of Michigan is empowered by law to exercise.

6.0   TAX RESPONSIBILITY

    6.1   Plaintiff agrees that he is solely responsible for his portion of all federal, state, or local taxes that are due as a result of payments made under this Agreement. Defendants make no representations or warranties about the tax consequences of any monies paid pursuant to this Agreement.

7.0   REPRESENTATION OF COMPREHENSION OF DOCUMENT

    7.1   In entering into this Settlement Agreement and Release, Plaintiff represents that he has not relied upon the advice of Defendants, Defendants' attorneys, or Defendants' assigns or privies regarding the legal and income tax consequences of this Settlement Agreement; the terms of this Settlement Agreement and Release have been completely read and explained to Plaintiff by his attorney; and, the terms of this Settlement Agreement and Release are fully understood and voluntarily accepted by Plaintiff.

8.0   WARRANTY OF CAPACITY TO EXECUTE AGREEMENT

    8.1   Plaintiff represents and warrants no other person or entity has, or has had, any interest in the claims, demands, obligations, or causes of action referred to in this Settlement Agreement and Release, except as otherwise set forth herein; Plaintiff has the sole right and exclusive authority to execute this Settlement Agreement and Release and receive the sums

specified in it; and Plaintiff has not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this Settlement Agreement and Release.

8.2    Defendants acknowledge and represent that they have been named in the lawsuit in their official capacities as Post Commanders for the Michigan State Police ("MSP"), and that they have the requisite approval and authority to enter into this Agreement in their official capacities. Defendants acknowledge that in their official capacities as post commanders, they and their successors in office have the authority take the actions recited in this agreement. By its execution of this Agreement, MSP acknowledges the same, and further acknowledges that the Defendants and their successors in office have the authority to perform and be bound by the agreements made herein, which are intended as an inducement to Plaintiff to enter into and to be bound by this Agreement.  By so acknowledging, the MSP does not consent to the jurisdiction of the federal court or waive its Eleventh Amendment immunity.

Defendants and MSP agree that under Federal Rule of Civil Procedure 25, the successor of either Defendant is automatically substituted as a party to this agreement and to the action as it exists under the retained jurisdiction of the Federal District Court for the Western District of Michigan. In such an instance, later proceedings, if any, will be in the substituted Defendant's or Defendants' name(s), but any misnomer not affecting the parties' substantial rights will be disregarded.

9.0    GOVERNING LAW

9.1    This Settlement Agreement and Release shall be construed and interpreted in accordance with the laws of the State of Michigan.

10.0    ADDITIONAL DOCUMENTS

10.1    All parties agree to cooperate fully and execute any and all documents and to take all additional actions necessary to give full force and effect to the basic terms and intent of this Settlement Agreement.

11.0    BINDING EFFECT

11.1    This Settlement Agreement and Release shall be binding on and inure to the benefit of Plaintiff and Defendants and their indemnitors, executors, administrators, personal representatives, heirs, successors and assigns of each.

12.0    SAVINGS AND SEVERABILITY CLAUSE

12.1    If any of the provisions of this Settlement Agreement and Release are ever legally ruled and found to be legally unenforceable as written, all other aspects of this Agreement remain in full force and effect.

13.0    ENTIRE AGREEMENT

13.1    This Agreement contains the entire agreement between Plaintiff and Defendants, and any and all discussions, understandings, or agreement, whether written or oral, had by the parties with respect to the subject matters hereof are merged into this Agreement, which alone fully and completely expresses the parties' agreement.

14.0    SUPPLEMENTS, MODIFICATIONS, AMENDMENTS AND WAIVER

14.1    No supplement, modification, or amendment of this Settlement Agreement and Release shall be binding unless executed in writing by both Plaintiff and Defendants.  No waiver of any provision of this Settlement Agreement and Release shall constitute a waiver of any other provision, whether similar or not; nor shall any waiver constitute a continuing waiver.  No waiver shall be binding unless set forth in writing signed by the party making the waiver.

## 15.0 EFFECTIVENESS

15.1 The Agreement is effective when signed by all parties or their representatives.

Plaintiff:

_09/08/21_
Date

_[signature]_
John Heykoop d/b/a Eagle Towing

_6/11/2021_
Date

_[signature]_
John Brennan (55431)
Attorney for Plaintiff

Defendants:

_6-8-2021_
Date

_[signature]_
Jeffrey White
Post Commander, Hart, MI

_6-9-21_
Date

_[signature]_
Chris McIntire
Post Commander, Grand Rapids/Rockford, MI

_6/11/2021_
Date

_[signature]_
Mark Donnelly (P39281)
Attorney for Defendants

Acknowledged:

_6/9/21_
Date

_Aimee Brimacombe_
By: Spl/F/Lt. Aimee Brimacombe
Title: Risk Management Section Commander

MICHIGAN STATE POLICE

Page 8 of 8